**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALEX YAMASQUI CHIMBORAZO, | Civil Action No. 26-7049 (ZNQ) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| ARTHUR WILSON, *et al.*, | |
| Respondents. | |

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner Alex Yamasqui Chimborazo's habeas petition (ECF No. 1) challenging his ongoing immigration detention. Following an order to show cause, the Government filed a response to the petition (ECF No. 7), to which Petitioner did not reply. For the following reasons, the petition is granted, and Petitioner shall be released.

Petitioner is a native and citizen of Ecuador who crossed the southern United States border without admission or inspection in December 2020. (ECF No. 7-1 at 1.) Petitioner was encountered by border patrol shortly after crossing, issued a notice to appear for removal proceedings, and was released from custody. (*Id.*) While released, Petitioner filed multiple applications for relief rom removal and was granted work authorization by the Government. (ECF No. 7-2 at 2.) On June 9, 2026, however, Petitioner was arrested by the Government and taken into custody as an applicant for admission pursuant to 8 U.S.C. § 1225(b)(2). (*Id.*) Petitioner has

1

remained detained without bond since that time.  (*Id.*) Petitioner has no clear criminal history.[1] (ECF No. 7 at 2.)

The Government argues in this matter that Petitioner is lawfully detained as an applicant for admission under 8 U.S.C. § 1225(b)(2).  (*See* ECF No. 7.)  The Government recognizes, however, that its position "relies on the same statutory-interpretation arguments," (ECF No. 7 at 3), this Court has repeatedly rejected in finding that § 1225(b)(2) does not apply to aliens who have resided within the United States for a lengthy period of time after crossing the border without being admitted or paroled.  *See, e.g., Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025); *see also Hueso v. Soto*, No. 26-1455, 2026 WL 539271, at 3 (D.N.J. Feb. 26, 2026); *Tyagi v. Soto*, No. 26-962, 2026 WL 478184, at *1 (D.N.J. Feb. 20, 2026).  As Petitioner clearly falls into this category as he is an alien who entered the United States without admission or inspection in and thereafter remained in the United States for over five years prior to being taken into custody, he may not be held under 8 U.S.C. § 1225(b)(2).  *See, e.g., Valerio*, 2025 WL 3251445, at *3.  Petitioner's continued mandatory detention under § 1225(b)(2) is therefore unlawful.  *Id*.  Petitioner's habeas petition shall therefore be granted.

Turning to the question of the appropriate relief, the Government argues that the Court should provide Petitioner only with the bond hearing to which he would have been entitled had he been taken into custody under 8 U.S.C. § 1226(a).  *See, e.g., Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018) (potentially removable aliens not subject to

---

[1] Petitioner's immigration documents suggest that he may have had an Interpol warrant for an alleged crime in Ecuador, presumably arising from an incident prior to December 2020. (ECF No. 7-2 at 2.)  The Government, however, states in its answer that ICE contacted Interpol and Ecuador and were informed that neither could find an outstanding warrant for Petitioner.  (ECF No. 7 at 2 n. 2.)  Petitioner thus does not appear to have any outstanding criminal charges in the United States or Ecuador.

mandatory detention statutes are subject to detention under 8 U.S.C. § 1226(a) under which they are entitled to a bond hearing at which they can secure bond by demonstrating they are neither a flight risk or danger).  Notwithstanding that Petitioner may be subject to the provisions 8 U.S.C. § 1226(a) if properly taken into custody under that statute in the future, the Government did not take Petitioner into custody under § 1226(a), nor has it provided Petitioner with the procedural protections available to aliens under § 1226(a), including a proper bond hearing at which release on bond is a live possibility.  As this Court has explained,

> It is not incumbent upon the Court to fix the Government's flawed application of § 1225(b)(2) by converting Petitioner's detention into a potentially lawful alternate form under a different statute with different procedural requirements and rules.  This is especially so in light of the Government's . . . continued employment of an oft rejected legal position.  *See Hueso*, 2026 WL 539271, at *3-4. Because the Government has only sought to detain Petitioner under 8 U.S.C. § 1225(b)(2), and he is clearly not subject to detention under that statute, and as that statute clearly does not apply to Petitioner, the Government [must] release Petitioner from custody immediately.

*Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *2 (D.N.J. Mar. 2, 2026).

Petitioner's habeas petition (ECF No. 1) shall therefore be granted, and the Government shall release Petitioner immediately.  An order consistent with this Memorandum Opinion will be entered.

Date: June 29, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

3